ALEJANDRO LABORDE, Plaintiff and Appellee, v. MUNICIPALITY OF ISABELA, Defendant and Appellant.

No. 3881. Argued January 14, 1929.—Decided January 30, 1929.

*M. Tous Soto, José A. López Acosta* and *R. A. Gómez, Assistant Attorney General,* for the appellant. *Leopoldo Feliú* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case similar to others we have reviewed where the Municipal Assembly of Isabela passed and the Executive Council of Porto Rico approved an ordinance authorizing the Commissioner of Public Service to obtain a loan, and also authorizing the said Commissioner to employ an agent to take

charge of the proceedings and "documentation" of the loan. A contract was made by Commissioner Banuchi with the appellee, Alejandro Laborde. The amount of the services to be paid by the municipality was $5,000. Upon the filing of a suit for payment against the municipality the said commissioner answered, admitting the foregoing facts and others, but ·saying that the municipality did not pay because the Auditor of Porto Rico withheld his approval. The District Court of Aguadilla rendered a judgment on the pleadings in favor of the plaintiff.

The opinion of the court follows some of the lines that have been expressed in the following cases: *Fajardo Sugar Co.* v. *Holcomb*, 16 Fed. (2nd) 92; *Costas Purcell* v. *Municipality of Las Marías*, 37 P.R.R. 18; *Pérez* v. *Samalea*, 38 P.R.R. 71; *Laborde* v. *Municipality of Isabela*, 38 P.R.R. 58, and *Costas Purcell* v. *Municipality of Yauco*, No. 4275, *ante,* page 51.

The court also held that the complaint set up that the contract had been approved by the auditor and that this averment was not specifically denied by the answer and should be taken as true.

The substantive matters assigned as error are sufficiently disposed of by our previous opinions above cited, as well as by the opinion of the court below. The appellant assigns two other errors.

In effect they are that the Commissioner of Public Service had no authority to file the answer he presented in this case and that therefore the court should not have rendered a judgment on the pleadings. The appellant relies on section 29 of the Municipal Law as follows:

"In no proceeding or action where the municipality, represented by the mayor, is a part, shall the mayor acquiesce in the complaint or fail to answer the same or submit such action or proceedings to arbitration . . ." Laws of 1925, Act No. 92.

We agree with the appellee that the answer of the .mu-

55

nicipality in this case signed by the commissioner is not the acquiescence (*allanamiento*) to which section 29 refers. The commissioner answered and denied the authority of the municipality to pay because of the disapproval of the auditor. The foregoing section 29 makes it the duty of the commissioner to answer and hence if he makes admissions of the facts as true, if they are true, he is only doing his duty. He is not obliged to deny the facts truthfully alleged in a complaint. Likewise we agree with the appellee that no sanction or penalty is fixed by section 29 if the officer who is bound to answer violates said section.

The judgment appealed from will be affirmed.

Mr. Chief Justice Del Toro dissented.